**Melvin D. SAUNDERS et al.,**
**Plaintiffs,**

**v.**

**J. L. SUMNER, Superintendent, Tazewell Correctional Unit, # 31 Tazewell, Virginia, Defendant.**

**Civ. A. No. 73–C–97–A.**

United States District Court,
W. D. Virginia,
Abingdon Division.

Oct. 4, 1973.

William A. Carter, III, Asst. Atty. Gen., Richmond, Va., for defendant.

## OPINION and ORDER

TURK, District Judge.

This complaint which has been signed by twelve inmates at Correctional Field Unit #31 in Tazewell, Virginia was forwarded to this court from the Eastern District of Virginia and by order of this court was filed *in forma pauperis*. Named as defendant in this action is J. S. Sumner, Superintendent of the Tazewell Correctional Unit. This action has been considered as a motion for injunctive relief pursuant to 42 U.S.C. § 1983 with jurisdiction in this court under 28 U.S.C. § 1343.

The thrust of plaintiffs' complaint is that the defendant subjects the black inmates at the Tazewell Correctional Unit to racial discrimination. In support of this allegation the plaintiffs have cited three instances in which the actions of the defendant were allegedly motivated by racial prejudice.

According to the complaint, on July 27, 1973, one of the inmates, Melvin Saunders, told the foreman of the farm gang with which he was working that he was ill and could not continue; the foreman related this to the defendant; and the following work day when Mr. Saunders attempted to return to work, he was told that he had been fired despite the fact that he had not missed a single day of work since May 1, 1973. To support his contention that this was racially motivated, plaintiffs state that a white inmate, Wayne Allard, who was on the same farm gang quit working for over a month but was later reinstated.

The second incident related in the complaint involves another black inmate, Lorenzo Bullock, who is also a plaintiff in this case. According to the complaint, Mr. Bullock requested a particular job at the correctional unit, but when the job became vacant it was given to a white inmate who had not even requested it. The complaint alleges that Mr. Bullock has been an ideal prisoner and there was no reason for denying him the job.

The third example cited relates the case of Melvin Allen, also a black inmate and a plaintiff to this action. It is alleged that on July 17, 1973, Mr. Allen was sent to the penitentiary hospital in Richmond for a week and while there his job as barber at the correctional unit was permanently given to a white inmate. Plaintiffs support their contention that this action by defendant was racially motivated by alleging that the white inmate had recently been returned from an escape and that Mr. Allen possessed a state barbering license while his white replacement did not.

A final allegation in the complaint is that the guards at the unit carry brass knuckles and pistols while in the basement and dining hall.

Defendant has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and in support thereof has submitted his affidavit based on his personal knowledge. On a motion for summary judgment, the function of this court is to determine if there is an issue of fact to be tried and all doubts as to the existence of a genuine issue of material fact will be resolved against the party moving for summary judgment. Lockhart v. Hoenstine, 411 F.2d 455 (3d Cir. 1965) cert. denied, 396 U.S. 941, 90 S.Ct. 378, 24 L. Ed.2d 244 (1969). Thus the burden of demonstrating that no genuine issue of material fact exists is on the party moving for summary judgment. See, Hudson v. Hardy, 134 U.S.App.D.C. 44, 412 F.2d 1091 (1968).

As to the first instance of alleged racial discrimination, the defendant asserts in his affidavit that Mr. Saunders' name was removed from the work list because he expressed his desire not to continue working in that job; that Mr. Saunders had previously expressed an unwillingness to work for certain guards; and "affiant believes this unwillingness precipitated plaintiff's refusal to work." The affidavit also states that the white inmate, Wayne Allard, had not refused to work and is now on trustee status.

As to the second instance, defendant states in his affidavit that Mr. Bullock requested assignment to a job in the kitchen but that he denied this request and gave the job to another inmate "because he was of the opinion that Bullock was not the type of conscientious worker who could be left in the minimum supervision atmosphere of the kitchen."

As for the case of Melvin Allen, the defendant states in his affidavit that another inmate was assigned the job of unit barber because it was not known how long Mr. Allen would be gone and "that in his opinion the new inmate barber does a better job than Mr. Allen." No mention is made of the allegation that Mr. Allen's replacement had recently been returned from an escape.

The defendant denies in his affidavit that the guards carry guns in the basement and dining hall and "that to his knowledge, they do not carry brass knuckles."

■■ The function of this court is not one of administering the prisons or second-guessing the discretionary decisions of prison officials, but this court does have the duty of redressing constitutional deprivations. There is no question that the racial discrimination alleged in the complaint is a constitutional deprivation, and the question posed by this motion for summary judgment is whether defendant by his affidavit has sufficiently answered these allegations by facts within his personal knowledge so as to eliminate questions of material fact which if proved could be a basis for relief in this court. After careful consideration of the defendant's affidavit, this court concludes that as a matter of law, it is insufficient to support the motion for summary judgment in this case.

■ ■ Rule 56(e) of the Federal Rules of Civil Procedure provides that affidavits submitted in support of a motion for summary judgment "shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Thus under this rule, statements in affidavits as to opinion or belief are of no effect. Barron & Holtzoff, Federal Practice and Procedure (Wright ed. 1958). It is clear that in each of the three instances of alleged racial discrimination, the defendant's affidavit leaves too much untold. In the case of Mr. Saunders, defendant makes no mention of the allegation that plaintiff did not work because of illness or that he had a good work record. Defendant's statement that he "believes" plaintiff's unwillingness to work for certain guards caused plaintiff to refuse to work is, of course, of no probative value for purposes of Rule 56(e). In the case of Mr. Bullock, defendant states that the job in the kitchen was given to another inmate because he was "of the opinion" that plaintiff could not be left in the minimum supervision of the kitchen. No effort is made in the affidavit to refute the plaintiff's allegation that he was a "model inmate." As in the previous case, the defendant's opinion is not sufficient. The case of Mr. Allen is also not explained. The defendant merely states that "in his opinion" the new barber does a better job. Even in the case of the allegation that the guards carry brass knuckles, the defendant merely states that "to his knowledge" this is not true. There is no statement as to an investigation or even a cursory questioning of the guards having been made.

■ This court has no quarrel with the proposition asserted that the granting of furloughs, the assignment of jobs, the determination of trustee status etc. are all discretionary acts on the part of respondent for which plaintiffs do not have a constitutional right. But what has been alleged here is not that a particular inmate did not get a particular privilege, but rather that there is a pattern of arbitrarily favoring white inmates over black inmates. It is clear that taken alone, the acts about which plaintiffs complain would not justify interference by this court, but when considered together and in light of defendant's affidavit, this court would be abdi-

**220**

cating its responsibility if it refused to scrutinize the conditions of which the plaintiffs complain.

■ Prisoners, although deprived of many rights enjoyed by others, are nevertheless, entitled to an adequate explanation of what appears to them to be a pattern of avert discrimination. As has been noted above, defendant's affidavit does not suffice in this regard, and this court is confident that the motion for summary judgment must be denied. Additionally, this court feels that since the plaintiffs in this case are indigent prisoners, unrepresented by counsel and with neither the opportunity nor facilities to defeat a motion for summary judgment, it should be reluctant to accept superficial explanations of potentially unconstitutional actions. See Hudson v. Hardy, 134 U.S.App.D.C. 44, 412 F.2d 1091 (1968). Accordingly, for the reasons stated, defendant's motion for summary judgment is denied, and this case will be set down for trial at a time convenient to all parties.