UNITED STATES of America, Plaintiff,

v.

Shirley A. VALORE, Defendant.

Civ. No. 93–184–P–C.

United States District Court,
D. Maine.

Nov. 17, 1993.

Paula D. Silsby, Asst. U.S. Atty., Portland, ME, for plaintiff.

David A. King, Therriault & King, Bath, ME, for defendant.

MEMORANDUM OF DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

GENE CARTER, Chief Judge.

This is an action brought by the United States of America on behalf of the Farmers Home Administration ("FmHA") for the foreclosure and sale of a piece of property located in Brunswick, Maine. The Court now has before it Plaintiff's Motion for Summary Judgment (Docket No. 4).

## FACTS

On April 3, 1978, Robert B. Severt and Shirley A. Severt obtained one loan from the United States of America acting through the Farmers Home Administration, United States Department of Agriculture in the amount of $33,750.00. The loan was evidenced by a promissory note of even date. Complaint (Docket No. 1) Ex. A. To secure the repayment of said indebtedness and other purposes the Severts on the same day executed and delivered to the Government a Real Estate Mortgage for a piece of property in Brunswick, Maine. Complaint Ex. B. The mortgage was recorded in the Cumberland County Registry of Deeds.

On April 17, 1979, Robert Severt and Shirley Severt were divorced. Robert Severt conveyed his interest in the property to Shirley Severt. Since that time Shirley Severt has changed her name to Shirley Valore. On February 5, 1990, Shirley Valore executed a Reamortization and/or Deferral Agreement. Complaint Ex. C. Shirley Valore has defaulted under the provisions of the Promissory Note and the Reamortization and/or Deferral Agreement. The government has brought this action for the foreclosure and sale.

## DISCUSSION

In support of its Motion for Summary Judgment, the government has filed a document, in the form of an affidavit, entitled "Certificate of Indebtedness." Plaintiff's Motion and Incorporated Memorandum of Law for Summary Judgment Exhibit A. Affidavits offered for the Court's consideration on a motion for summary judgment pursuant to Rule 56 must be based on personal knowledge, set forth facts which would be admissible in evidence and affirmatively show that the affiant is competent to testify to the matters described in the affidavit. Fed. R.Civ.P. 56(e). The government's affidavit in support of its Motion for Summary Judgment fails to show that it is based on the affiant's personal knowledge.

The affidavit at issue in this case is made by Michael W. Grondin, in his capacity as Acting State Director of the Farmers Home Administration. In his affidavit Mr. Grondin

states that he has "under his custody and control the records relating to the mortgage transactions between Farmers Home Administration and Shirley Valore. My knowledge as to the facts set forth in this Certificate of Indebtedness is derived from these records which are kept in the ordinary course of business by the Agency." Plaintiff's Motion and Incorporated Memorandum of Law for Summary Judgment Exhibit A. It is clear that upon review of the documents at issue in this case Mr. Grondin is competent to testify to the content of those documents. The affidavit, however, does not provide that the affiant's knowledge of the facts is the result of his review of the records in this case. Moreover, the jurat contained in the affidavit is insufficient because by it Mr. Grondin swore to the truth of the statements contained therein only "to the best of his knowledge." *See Saunders v. Sumner,* 366 F.Supp. 217, 219 (D.C.Va.1973). Although Rule 56 has been liberally construed with respect to admissibility of affidavit's contents on summary judgment, its requirement of personal knowledge by affiant is unequivocal and cannot be circumvented.

Accordingly, it is *ORDERED* that Plaintiff's Motion for Summary Judgment be, and is hereby, *DENIED.*