C. Allen **FORREN**, Plaintiff,

v.

**SELECTIVE INSURANCE COMPANY OF AMERICA**, Defendant.

**Civil Action No. 94–0025–L.**

United States District Court, W.D. Virginia, Lynchburg Division.

April 13, 1995.

768

Robert C. Wood, III, Edmunds and Williams, Lynchburg, VA, Kristine H. Smith, Edmonds & Williams, Lynchburg, VA, for plaintiff.

John T. Cook, Lynchburg, VA, Jean Schmidt, Roberts & Finger, New York City, for defendant.

### *MEMORANDUM OPINION*

TURK, District Judge.

This matter is before the court on defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Upon careful consideration of the record, the applicable law, the briefs submitted by the parties, and the arguments presented by counsel at the hearing, the court finds that it must grant defendant's motion for summary judgment.

## I. BACKGROUND

In mid-September, 1993, plaintiff C. Allen Forren ("Forren") accepted a severance package from his employer, defendant Selective Insurance Company of America ("Selective"). At the time of his termination, plaintiff was fifty-one and had a long history of employment with Selective. In 1968, Selective hired Forren as an auditor. Forren remained with Selective until 1978, when he left the company to start his own agency.

Forren subsequently sold his agency, and Selective rehired him as a senior marketing representative in February, 1982. Plaintiff worked out of his home in Lynchburg, Virginia. As a senior marketing representative, Forren's duties included calling on agents to explain new and existing practices and services, assisting in resolving problems or misunderstandings, reviewing agents' production figures and suggesting improvements or modifications, soliciting new agents, and period rating policies for agents according to set guidelines or binding risks. It is undisputed that plaintiff had no authority to underwrite.

In 1993, Selective reorganized the Richmond marketing department. Employees fifty-five years of age with ten years of experience could opt for early retirement. Selective also eliminated forty-five clerical employees. On July 1, 1993, Margaret Davis became the manager of Selective's Richmond office. Davis and Selective's executive vice president decided to restructure the Richmond office as follows. Under the new structure, Davis assumed responsibility for the marketing department. Davis was to develop a field underwriting program, fully authorizing the representatives in the field to write and issue policies. Because the marketing representative position now would include underwriting authority, Selective determined that the position necessitated two to three years of underwriting experience. In addition, both marketing representatives were to work out of the Richmond office.

On August 4, 1993, Davis called Forren to Richmond to explain the restructuring and inform him that he did not meet the new requirements regarding underwriting. Davis advised plaintiff that he either could move to the Richmond office and accept a position as an underwriting trainee at a lower salary or could accept a severance package. As to the former option, which would have taken two to three years, Davis allegedly stated, "At your age you wouldn't want to do that, would you?" Although at that time plaintiff indicated his disinclination to relocate to Richmond at a lower salary, Davis gave him until mid-September, when the proposed restructuring was to take effect, to make his decision. Ultimately, Forren opted for the severance package.

Annette Winston, thirty-six, and Robert Neal, thirty-two, filled the restructured marketing positions. Both Winston, who had served as marketing representative before the restructuring, and Neal had over three years of underwriting and marketing experience.

Plaintiff filed this action on March 24, 1994, alleging violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, and termination in violation of the public policy of Virginia. *See Lockhart v. Commonwealth Educ. Sys. Corp.,* 247 Va. 98, 439 S.E.2d 328 (1994). The parties have briefed the issues on summary judgment thoroughly, and the court held a hearing in this matter on March 28, 1995. Therefore, the motion is now ripe for this court's consideration.

## II. ANALYSIS

Jurisdiction of the court is proper pursuant to 28 U.S.C. §§ 1331 and 1332.

Federal Rule of Civil Procedure 56(c) states that summary judgment is proper where "there is no genuine issue as to any material fact." In this case, defendant "bears the initial burden of pointing to the absence of a genuine issue of material fact." *Temkin v. Frederick County Comm'rs,* 945 F.2d 716, 718 (4th Cir.1991) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)), *cert. denied,* 502 U.S. 1095, 112 S.Ct. 1172, 117 L.Ed.2d 417 (1992). If defendant carries this burden, "[t]he burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." *Id.* at 718–19 (citing *Anderson v. Liberty*

*Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)).

Moreover, "[o]nce the moving party has met his burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.,* 977 F.2d 872, 874–75 (4th Cir.1992). Although admissibility of the evidence at trial is unnecessary, " '[u]nsupported speculation is not sufficient to defeat a summary judgment motion.' " *Id.* (quoting *Felty v. Graves–Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir.1987)).

 In order to make out a case under the ADEA, Forren must demonstrate that "but for the employer's motive to discriminate against plaintiff on the basis of age," he would not have suffered the adverse employment decision. *Equal Employment Opportunity Comm'n v. Clay Printing Co.,* 955 F.2d 936, 940 (4th Cir.1992). *Clay Printing Co.,* sets forth two ways in which plaintiff may carry his burden. First, "plaintiff may meet [his] burden under the ordinary standards of proof by direct or indirect evidence relevant to and sufficiently probative of the issue." *Id.* at 940. Second, plaintiff may show that he meets the elements of a *prima facie* case as set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *Id.*

 Under "ordinary standards of proof," plaintiff must show

> (1) that he (she) was an employee covered by the Act, (2) who suffered an unfavorable action by an employer covered by the Act, and (3) that "age was a determining factor" in the action in the sense that " 'but for' " [the employer's] intent to discriminate on the basis of age, the claimant would not have been subjected to the employment action.

*Clay Printing Co.,* 955 F.2d at 941 (citations omitted). Under the *McDonnell Douglas Corp.* framework, as modified by recent Fourth Circuit case law, plaintiff may establish a *prima facie* case by showing

> that (1) he was in the protected age group; (2) he was discharged; (3) at the time of the discharge, he was performing his job at a level that met his employer's legitimate expectations; and (4) following the discharge, he was replaced by an individual of comparable qualifications outside the protected class.

*Mitchell v. Data General Corp.,* 12 F.3d 1310, 1315 (4th Cir.1993) (citing *Lovelace v. Sherwin–Williams Co.,* 681 F.2d 230, 238–39 (4th Cir.1982)). The court finds that plaintiff has failed to make out a *prima facie* case under either framework.[1]

 Forren argues that he has presented direct and indirect evidence of age discrimination, thereby meeting his burden on summary judgment to raise genuine issues of material fact as to whether age was a determining factor in the adverse employment action. Plaintiff rests most of his burden on Davis's statement, when referring to Forren's option to relocate and undergo training as an underwriter, "At your age, you wouldn't want to do that, would you?" The court is of the opinion that no reasonable fact-finder could infer a discriminatory animus from this statement alone, especially given the context in which Davis made it.

In *Ballinger v. North Carolina Agricultural Extension Service,* 815 F.2d 1001, 1006 (4th Cir.), *cert. denied,* 484 U.S. 897, 108 S.Ct. 232, 98 L.Ed.2d 191 (1987), a member of a screening panel made the following remark to the plaintiff: "[F]rom looking at this resume you are getting near or in the range of retirement. Why do you want the job of Extension Chairman with all the headaches, etc? I'm not in any way suggesting that you retire." The court declined to infer a discriminatory animus from the comment, given that the panel recommended the appellant for promotion.

1. The court notes in passing that a recent decision cautions against immersion "in the minutiae of the various proof schemes." *Birkbeck v. Marvel Lighting Corp.,* 30 F.3d 507, 511 (4th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 666, 130 L.Ed.2d 600 (1994). In *Birkbeck,* the court, in deciding whether the trial court correctly granted judgment as a matter of law, simplified the question to "whether plaintiffs successfully demonstrated that they were the victims of age discrimination on the part of [the employer]." *Id.*

In this case, the court finds that Davis's statement amounted to an innocuous acknowledgment of Forren's dilemma. *See Birkbeck*, 30 F.3d at 512 (declining to infer age bias from a vice-president's statement that "there comes a time when we have to make way for younger people," where the "comment reflect[ed] no more than a fact of life ... that carrie[d] with it no disparaging undertones"). First, the court notes that the statement related to Forren's relocation option, not to his displacement from his position as senior marketing representative. Moreover, as in *Ballinger*, it is undisputed that her statement in no way affected the availability of the employment option to which she was referring, that is, relocation and training. Selective gave Forren over a month to decide, and the decision was his alone to make. Further, Selective was under no obligation to offer Forren the underwriting training at all. Therefore, the statement is irrelevant to whether Selective acted with discriminatory intent in displacing him. Finally, the statement in the present case does not constitute the type of blatant age bias necessary to create an inference of age discrimination. *See Wilhelm v. Blue Bell, Inc.*, 773 F.2d 1429, 1433–35 (4th Cir.1985) (treating as direct evidence of discriminatory intent the following statements: "eventually Blue Bell is going to have $15,000 a year college boys for salesmen"; "older people tend to become complacent whereas younger people generally have more drive and ambition"; "younger salesmen do a much better job than older salesmen"), *cert. denied*, 475 U.S. 1016, 106 S.Ct. 1199, 89 L.Ed.2d 313 (1986).

Nor could a reasonable fact-finder infer discriminatory intent from defendant's rejection of Forren's request to continue in Selective's employment performing auditing and inspecting work. Preliminarily, Selective has presented evidence that the reason it did not consider plaintiff for this position was his lack of recent experience with the relevant job functions. More importantly, however, the ADEA in no way obligated Selective to find a new position for plaintiff following his termination. Thus, its failure to hire him in this position does not constitute indirect evidence of discriminatory animus.

■ Plaintiff has not made out a *prima facie* case under the *McDonnell–Douglas* framework either. Under the fourth prong of that analysis, plaintiff must show that "following the discharge, he was replaced by an individual *of comparable qualifications* outside the protected class." *Mitchell*, 12 F.3d at 1315 (emphasis added). It is uncontroverted that Selective's Richmond office underwent a restructuring whereby its marketing representatives assumed unlimited underwriting authority in the field. Plaintiff does not refute Selective's evidence that two to three years of proven underwriting experience was a requirement for the position as restructured. Nor does plaintiff contend that Selective undertook the restructuring solely as a means to terminate his employment. Indeed, he admits that Selective had legitimate business justifications for the underwriting requirement. Thus, the extent to which the current marketing agents actually have underwritten in the field since Forren's departure, while in dispute, is irrelevant.

Plaintiff vehemently argues that he could have attained the qualifications necessary to perform underwriting in the field within three to six months. Selective disputes this assessment, and argues further that it was searching for more than simply minimally qualified individuals. The court finds, accepting plaintiff's assertion as true, that plaintiff's qualifications were not comparable to those of the individuals who filled the two marketing representative positions. Both of these individuals exceeded Selective's requirement of two to three years underwriting experience. By contrast, plaintiff has admitted that he would have required at least three months even to become qualified minimally to underwrite in the field. Under the uncontroverted facts, plaintiff was not qualified for the position at the time of his discharge. The ADEA obliged defendant neither to train Forren in underwriting nor to fill the position with an unqualified individual.[2]

---

**2.** Plaintiff argues at length that Selective's offer of underwriting training at a reduced salary presented him with a hollow choice, amounting to a constructive termination. The court need not

The court finds that Forren has failed to make out a *prima facie* case of age discrimination under either of the proof schemes commonly employed. Plaintiff simply has failed to present evidence sufficient to withstand summary judgment on the issue whether he was the victim of age discrimination on the part of Selective. Accordingly, the court also must grant summary judgment as to his state law claim for termination in violation of the public policy of Virginia.

### III. CONCLUSION

For the reasons stated, the court finds that it must grant defendant's motion for summary judgment. An appropriate order consistent with this memorandum opinion shall be entered this day.

address these contentions; for the purposes of this motion, the court assumes that Selective's actions amounted to a termination.