Joseph W. ULLMAN, Plaintiff,

v.

THE RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA, et al., Defendants.

No. Civ.A. 96–0002–C.

United States District Court,
W.D. Virginia,
Charlottesville Division.

Feb. 26, 1998.

George Howard Dygert, Dygert & Hemenway, Charlottesville, VA, for Plaintiff.

Richard Croswell Kast, University of Virginia, Office of the General Counsel, Charlottesville, VA, for Rector and Visitors of University of Virginia, Leonard W. Sandridge, Jr., Polly A. McClure, Defendants.

Robert Craig Wood, McGuire, Woods, Battle & Boothe, Charlottesville, VA, Kerri Borchardt Taylor, McGuire, Woods, Battle & Boothe, Charlottesville, VA, for University of Virginia Foundation, Tim R. Rose, Defendants.

## MEMORANDUM OPINION

MICHAEL, Senior District Judge.

### Background

This case arises out of a claim of age discrimination for failure to hire. Plaintiff worked for the University of Virginia ("the

University") since 1984. In November 1993, the University assigned plaintiff to a position with the University of Virginia Foundation ("the Foundation"). Although defendant Tim Rose was plaintiff's immediate supervisor, plaintiff was notified by Leonard Sandridge in February 1995, that his employment contract with the University would not be renewed after termination in June 1996. In spring of that same year, the Foundation began recruiting for a new senior management position entitled, "Director of Administration and Research Park Development." The Foundation placed a help-wanted advertisement in *The Daily Progress*. Mr. Rose established a search committee to narrow the large field of candidates to a small pool from which Mr. Rose would select the successful candidate. Mr. Rose asked plaintiff to chair the search committee and plaintiff initially agreed to do so.

Soon thereafter, however, plaintiff decided to apply for the new position and stepped down as chair of the committee. Mr. Rose ultimately selected Sandy Greenwood, Mike Sheffield, Laura Pence, and Jim Wilson as members of the committee, with Ms. Greenwood as chair of the committee. Because Mr. Rose knew some of the candidates, he shared his thoughts with the committee. In particular, Mr. Rose suggested that he would like the committee to interview two candidates in particular: Bruce Stouffer and plaintiff. The committee interviewed approximately ten candidates, including plaintiff and Mr. Stouffer. Following interviews, the committee recommended four candidates for consideration by the Foundation, including Bruce Stouffer. Plaintiff, however, was not recommended for further consideration. Eventually, Mr. Stouffer was selected for the new position.

Plaintiff filed the instant suit, alleging age discrimination among other claims. After a hearing on the motions to dismiss, this court dismissed all but the plaintiff's allegation of age discrimination for the failure to hire plaintiff for the newly created position in 1995 and for the failure to renew his contract

after 1996. Plaintiff no longer asserts that the failure to renew the contract in 1996 violated the Age Discrimination in Employment Act (ADEA).[1] This court, in its March 12, 1997, order also dismissed by implication one of the original defendants, Polley McClure (court dismissed all claims in which there were allegations against McClure). The remaining four defendants filed two motions for summary judgment. On January 8, 1998, the magistrate judge recommended that this court grant summary judgment in favor of the University and Mr. Sandridge, but deny summary judgment to defendants the Foundation and Mr. Rose. Defendants the Foundation and Mr. Rose and plaintiff have filed objections to the Report and Recommendation.

### Standard

Summary judgment is proper only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In considering a motion for summary judgment, the court draws all inferences in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The court looks at the evidence in the case independently to determine whether a material issue of fact exists. *See, Sylvia Development Corp. v. Calvert County*, 48 F.3d 810, 817–18 (4th Cir.1995). However, a mere scintilla of evidence will not suffice to survive summary judgment. *Shiflett v. G.E. Fanuc Automation Corp.*, 960 F.Supp. 1022, 1027 (W.D.Va. 1997); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### Motion of Mr. Sandridge & the University of Virginia for Summary Judgment

■ Defendants the University and Mr. Sandridge moved for summary judgment on the basis that Mr. Ullman's ADEA claims cannot be pursued against the University and Sandridge as the decision to hire Mr. Stouffer rested solely with the Foundation. The Age Discrimination in Employment Act

---

1. When asked in deposition if the age discrimination for failure to hire was his "sole complaint," plaintiff responded in the affirmative.

provides that, "It shall be unlawful for an employer ... to discharge or otherwise discriminate against any individual with respect to ... employment, because of such individual's age." 29 U.S.C. § 623(a) (West 1985). An employer is defined as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 29 U.S.C. § 630(b) (West 1985). Person is defined as "one or more individuals, partnerships, associations, labor organizations, corporations, business trusts, legal representatives, or any organized groups of persons." 29 U.S.C. § 630(a) (West 1985). Defendants the University and Mr. Sandridge are only liable under the ADEA if they are employers. They are the employer only if the University and the Foundation are a "single, integrated enterprise" for purposes of ADEA claims. *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir.1983). *See also, York v. Tennessee Crushed Stone Assn.*, 684 F.2d 360, 362 (6th Cir.1982).

At the summary judgment hearing, Magistrate Judge Crigler focused particularly on *Davenport v. Casteen*, 878 F.Supp. 871 (W.D.Va.1995), in finding that the University and the Foundation were separate enterprises. The court in *Davenport* held that the University of Virginia and a foundation related to the University were separate entities for purposes acting under color of state law. *Id.* The magistrate judge found the instant case similar and so recommended that this court find the University and the Foundation to be separate entities. Plaintiff has objected.

This court finds that an analysis of the relationship of the Foundation and the University and the mechanics of the hiring process support the recommendation of the magistrate. *Trevino* suggests the factors a court should consider in analyzing entity relations:

> Over the past decade, numerous courts have drawn upon theories and rules developed in the related area of labor relations in determining when separate business entities are sufficiently interrelated for an employee whose Title VII rights have been violated to file a charge against both entities. Thus, the rule has emerged that superficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer. Factors considered in determining whether distinct entities constitute an integrated enterprise are (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control.

*Trevino, supra,* 701 F.2d at 404 (citations and footnotes omitted, but see for extended list of Title VII cases which analyze single employer issues in various contexts). *See also, Marshall v. Arlene Knitwear, Inc.,* 454 F.Supp. 715, 719 (E.D.N.Y.1978), *aff'd in part, rev'd in part, remanded by Marshall v. Arlene Knitwear, Inc.,* 608 F.2d 1369 (2d Cir.1979). *Trevino* further noted: "[t]he critical question to be answered then is: What entity made the final decisions regarding employment matters related to the person claiming discrimination?" *Trevino, supra,* 701 F.2d at 404, *citing, Odriozola v. Superior Cosmetic Distributors, Inc.,* 531 F.Supp. 1070, 1076 (D.P.R.1982).

The parties do not dispute the facts surrounding the relationship of the University and the Foundation. Therefore, consideration of summary judgment is appropriate. The first factor to consider is interrelation of operations. The Policy on University–Related Foundations clearly states that University-related foundations are "legally separate" entities, for whose torts, acts or omissions the University is not liable. The Foundation has separate personnel and an independent board of directors (although some, not the majority, of the members are executive-level employees of the University).

The second and third factors are centralized control of labor relations and common management. The board of trustees of the Foundation included several University executives. Moreover, the executive committee of the Foundation was comprised of University executive-level employees. Moreover, the University loaned employees to the Foundation, as evidenced by plaintiff's position before termination and the

policy statement allowing use of (but requiring reimbursement for) the labor of University personnel. However, plaintiff has adduced no evidence that the University controlled the hiring decision at issue. Plaintiff has asserted that Mr. Sandridge met with the Mr. Stouffer before the hiring announcement was made. However, this allegation, standing alone, does not indicate that the University controlled the hiring decision. The testimony of the parties involved in the hiring decision is that the search committee presented a pool of candidates to Mr. Rose, who made the final decision.

The final factor of the *Trevino* test is financial integration. The evidence here also suggests that the Foundation is a separate entity. If the Foundation was to manage property for the University, that property was legally transferred to the Foundation. While personnel, services, or supplies of the University might be used by the Foundation, the Foundation had to reimburse the University. Although the University paid Ullman's salary up until his termination, there is no indication that the University was going to pay the salary for the newly created position.

The court finds that the weight of the evidence shows the University and the Foundation to be separate entities. Therefore, the objections of the plaintiff are denied and the court adopts the recommendation of the magistrate judge to grant summary judgment in favor of the University and Mr. Sandridge.

*Jurisdiction*

At a hearing on February 19, 1998, this court intimated that it intended to rule in favor of the University of Virginia and Leonard Sandridge on summary judgment. At that time, defendants Foundation and Mr. Rose submitted a motion to dismiss in which they argue that the Foundation is not an employer under the ADEA as it has less than twenty "employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 29 U.S.C. § 630(b). Defendants assert and the plaintiff admits that the Foundation em-

ployed, at all times relevant to this action, less than twenty employees. Therefore, the Foundation is not an employer within the meaning of the ADEA, and an age discrimination suit under the ADEA against the Foundation is not within this court's jurisdiction. The court dismisses the ADEA claim against the Foundation and Mr. Rose, as it must, for lack of subject matter jurisdiction.

*Failure to Make the Prima Facie Showing or to Prove Pretext*

Although the jurisdictional issue raised by the defendants' February 19, 1998 motion disposes of the case against the Foundation and Mr. Rose, the court notes that, even in the absence of the jurisdictional problem, the paucity of evidence as to possible pretext would require this court to grant summary judgment to the defendants.

All four defendants moved for summary judgment on the claim of age discrimination.[2] The magistrate judge recommended denial of the motion for summary judgment on this ground and defendants the Foundation and Mr. Rose have objected to the recommendation, claiming either that plaintiff failed to make a *prima facie* showing of discrimination with admissible evidence or that plaintiff failed to show that the proffered reasons for the hiring decision were pretextual.

As noted *supra*, the Age Discrimination in Employment Act (ADEA) prohibits discrimination in employment based on an individual's age." 29 U.S.C. § 623(a). *Burns v. AAF–McQuay* states that, "[t]o withstand summary judgment, [the claimant] must produce direct or circumstantial evidence 'of a stated purpose to discriminate [on the basis of age] of sufficient probative force to reflect a genuine issue of material fact.'" *Burns, supra,* 96 F.3d at 732, *quoting, Henson v. Liggett Group, Inc.,* 61 F.3d 270, 275 (4th Cir.1995). To prove discrimination, the plaintiff must show that "but for the Plaintiff's age, the adverse employment decision would not have been made." *Taylor v. Brown,* 928 F.Supp. 568, 573, *citing, Mitchell v. Data General Corp.,* 12 F.3d 1310, 1314–15

**2.** Because the court dismissed the University and Mr. Sandridge, it does not consider their motion for summary judgment on the grounds of failure to make a showing of discrimination.

(4th Cir.1993); *Goldberg v. B. Green and Co., Inc.,* 836 F.2d 845, 847 (4th Cir.1988). The required showing may be made either through direct evidence of discrimination or through the *McDonnell Douglas* test, if no direct evidence of discrimination is adduced. Plaintiff has not produced direct evidence and so proceeds under the *McDonnell Douglas* test. Under *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), plaintiff must first establish a *prima facie* case of age discrimination. *Burns v. AAF–McQuay,* 96 F.3d 728, 731 (4th Cir.1996). Such a *prima facie* case creates an inference of discrimination and the burden of production shifts to the defendant to present "legitimate, non-discriminatory reasons" for the adverse employment action. *Burns,* 96 F.3d at 731. If the defendant can produce legitimate, non-discriminatory reasons, then the plaintiff must show that the those reasons were pretextual only. *Id.*

Although the Fourth Circuit has not explicitly set out the elements necessary to the *prima facie* case under the ADEA, it has stated more generally that the first stage of the *McDonnell Douglas* test requires plaintiff to prove: (1) membership in a protected class; (2) application and qualification for a position for which the employer was seeking applicants; (3) rejection despite being qualified for the position; and (4) rejection in favor of another candidate.[3] *See Alvarado v. Bd. of Trustees of Montgomery College,* 928 F.2d 118, 121 (4th Cir.1991); *Henson v. Liggett Group, Inc.,* 61 F.3d 270, 274 (4th Cir. 1995); *Taylor v. Brown,* 928 F.Supp. 568, 573 (D.Md.1995); *Sandhu v. Commonwealth,* 874 F.Supp. 122, 125 (E.D.Va.1995).[4] This court has suggested that formulaic adherence to elements of proof is unnecessary, a failure to satisfy one element does not automatically defeat a claim. *See Carter v. Rental Uni-*

form *Service of Culpeper, Inc.,* 977 F.Supp. 753 (W.D.Va. Sep.16, 1997); *Blankenship v. Warren County Sheriff's Dept.,* 939 F.Supp. 451, 459 (W.D.Va.1996), *citing, Moore v. City of Charlotte,* 754 F.2d 1100, 1105 (4th Cir. 1985).

Mr. Ullman is over forty years of age and is, therefore, a member of a protected group. However, there is considerable factual dispute as to whether the position advertised was substantially the same as that which Mr. Ullman held up until the time of his application for the new position and as to whether Mr. Ullman was qualified for the advertised position. Plaintiff testified that his position and the new position involved virtually the same duties. Mr. Rose testified that the new position involved a number of duties never before performed by Mr. Ullman as a part of his position. Plaintiff asserts that his performance was excellent and that he received many compliments on his performance. Members of the committee testified that they believed that plaintiff's work in his current position was substandard and that plaintiff was "arrogant" and "patronizing." Thus, two elements are in dispute: the similarity of the positions and plaintiff's performance and qualifications.

These factual disputes indicate that it is unclear, at this time, whether plaintiff can make out a *prima facie* case of discrimination, thus shifting the burden of production. Both sides have alleged evidence in support of their positions and the evidence is contradictory. Summary judgment is, therefore, inappropriate. Contrary to the assertion of defendants in their motion, plaintiff need not *prove* at summary judgment the elements of the *prima facie* case. Rather, summary judgment would be appropriate at this time only if plaintiff had not produced even a

---

3. Originally, the other candidate was required to be a person who was *not* a member of the protected class. *See, O'Connor v. Consolidated Coin Caterers Corp.,* 56 F.3d 542, 546 (1995), *rev'd,* 517 U.S. 308, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996). However, the Supreme Court ruled that replacement by a party not a member of the protected class was not probative of discrimination and was not, therefore, a valid element of the *McDonnell Douglas* test. 116 S.Ct. at 1310.

4. Defendants the Foundation and Mr. Rose suggest that this court adopt the test of the Second or the Eighth Circuit. The court finds that Fourth Circuit jurisprudence provides sufficient guidance, particularly if the court is to avoid a focus on the minutiae of various tests, as directed by *Moore v. City of Charlotte,* 754 F.2d 1100, 1105 (4th Cir.1985); *Birkbeck v. Marvel Lighting Corp.,* 30 F.3d 507, 511 (4th Cir.1994); *Forren v. Selective Insur. Co. of America,* 935 F.Supp. 767, 770 n. 1 (W.D.Va.1995).

scintilla of evidence to support the *prima facie* case. Such is not the case before the court.

■ However, assuming *arguendo* that plaintiff could make a *prima facie* showing of age discrimination, summary judgment should be granted to the defendants nonetheless because they offered "legitimate, non-discriminatory reasons" for not hiring plaintiff against which plaintiff adduced insufficiently probative evidence of pretext. In the context of summary judgment, the last two elements of the *McDonnell Douglas* test are considered in tandem. *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Defendants allege that Mr. Stouffer was hired because his qualifications were outstanding. The records indicate that Mr. Stouffer worked for International Business Machines Corporation for approximately six years, in which time he earned numerous awards for sales, management, marketing excellence, and leadership.

Mr. Ullman alleges, on the other hand, that proffered reasons regarding Mr. Stouffer's qualifications are pretextual and that age discrimination actually motivated the hiring decision. Plaintiff bases his contention on a statement made to him by Laura Pence, a member of the hiring committee. Plaintiff alleges that Ms. Pence stated that Mr. Stouffer was hired because he was a friend of Mr. Rose and because Mr. Stouffer was young. The magistrate judge ruled that the statement would be admissible at trial as a party admission. The magistrate judge found the statement to be "the legal smoking gun." Defendants object both that the statement is inadmissible hearsay and that, even if the statement is not hearsay, it is insufficient evidence for the case to move beyond summary judgment.

Assuming, without deciding, that the statement would be admissible at trial, this court finds the statement by Ms. Pence to Mr. Ullman nonetheless insufficient to carry the plaintiff's case beyond summary judgment. The Fourth Circuit has held that a statement of opinion is insufficient to carry a discrimination case beyond summary judgment. *See, Saunders v. Sumner,* 366 F.Supp. 217 (W.D.Va.1973); *O'Connor v. Consolidated Coin Caterers Corp.,* 56 F.3d 542, 546 (4th Cir.1995), *rev'd on other grounds,* 517 U.S. 308, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996); *Equal Employment Opportunity Commission v. Clay Printing Co.,* 955 F.2d 936 (4th Cir.1992); *Blankenship v. Warren County Sheriff's Department,* 939 F.Supp. 451 (W.D.Va.1996). In *Saunders v. Sumner,* Judge Turk held that "statements in affidavits of opinion or belief are of no effect." 366 F.Supp. 217, 218 (W.D.Va.1973), *citing,* Barron & Holtzoff, Federal Practice and Procedure (Wright ed.1958). A single statement will not suffice to prove pretext. "Discriminatory remarks concerning age ... cannot be stray or isolated statements." *O'Connor v. Consolidated Coin Caterers Corp.,* 56 F.3d 542, 546 (4th Cir.1995), *rev'd on other grounds,* 517 U.S. 308, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996). Moreover, when comments are used to support allegations of discrimination, particularly age discrimination, the plaintiff must demonstrate a nexus between the comments and the discriminatory action. *Equal Employment Opportunity Commission v. Clay Printing Co.,* 955 F.2d 936 (4th Cir.1992). *See also, Figures v. Board of Pub. Utils.,* 967 F.2d 357, 360–61 (10th Cir.1992) (finding isolated statements not probative of racial discrimination unless linked to the alleged discriminatory action).

The statement by Laura Pence in the case before the court is insufficiently probative of pretext for this case to move beyond summary judgment. As in *Blankenship v. Warren County Sheriff's Department,* the plaintiff cannot show a nexus between the alleged discriminatory action and the statement. *See, Blankenship,* 939 F.Supp. 451 (W.D.Va. 1996). In *Blankenship,* this court held that remarks made to the plaintiff six years prior to discharge were too remote in time and had too little to do with the discharge to be probative of discriminatory intent. Similarly here, the statement by Ms. Pence was her subjective observation of the intent of the final decision maker. Plaintiff does not tie the remark to the final decision maker in any way and there is no evidence of the final decision maker making any similar comment suggesting discriminatory intent. The court

thus finds the comment insufficiently probative and would grant summary judgment on these grounds even if the jurisdictional issue did not dispose of the case.

*Conclusion*

For the reasons stated above, the objections of the plaintiff to the January 8, 1998 Report and Recommendation shall be denied. The objections of the defendants Foundation and Mr. Rose shall be granted. The defendants the Foundation and Mr. Rose February 19, 1998 motion to dismiss shall be granted.

An appropriate order this day shall issue.

### ORDER

For the reasons stated in the accompanying memorandum opinion, it is hereby

### ADJUDGED AND ORDERED

that:

1. The United States Magistrate Judge's January 8, 1998 Report and Recommendation shall be, and hereby is, ADOPTED in part;

2. The January 14, 1998 objections of the University of Virginia Foundation and Tim R. Rose to the Report and Recommendation of the United States Magistrate Judge shall be, and hereby are, GRANTED;

3. The January 20, 1998 objections of the plaintiff to the Report and Recommendation of the United States Magistrate Judge shall be, and hereby are, DENIED;

4. The November 14, 1997 motion for summary judgment of the University of Virginia and Leonard Sandridge shall be, and hereby is, GRANTED; and

5. The November 14, 1997 motion for summary judgment of the University of Virginia Foundation and Tim R. Rose shall be, and hereby is, GRANTED;

6. The February 19, 1998 motion to dismiss of the University of Virginia Foundation and Tim R. Rose shall be, and hereby is, GRANTED;

7. This case shall be, and hereby is, DISMISSED with prejudice and STRICKEN from the docket of this court.

The Clerk of the Court is hereby directed to send a certified copy of this Order and the accompanying memorandum opinion to all counsel of record and to Magistrate Judge Crigler.