Wayne **HUDSON**, Appellant,

v.

Kenneth L. **HARDY** et al., Appellees.

No. 20908.

United States Court of Appeals
District of Columbia Circuit.

Feb. 14, 1968.

Appellant filed the motion pro se.

Messrs. Charles T. Duncan, Corporation Counsel, and Hubert B. Pair and Richard W. Barton, Asst. Corporation Counsel, entered appearances for appellees.

Before BAZELON, Chief Judge, and WRIGHT and ROBINSON, Circuit Judges.

PER CURIAM:

Appellant, an inmate of the District of Columbia Jail, filed in the District Court a "petition for writ of declaratory judgment," naming as defendants Kenneth L. Hardy, Director of the Department of Corrections; Charles M. Rodgers, Acting Superintendent of the District of Columbia Jail; and two Corrections Officers at the jail. In this complaint, appellant alleged that certain "unjust and cruel" disciplinary action, i. e., placement in a "control cell," was taken against him, for which no "probable cause can be given." He alleged further that the officers, in transferring him to the control cell, used "abusive language" and threatened him, putting him "in fear of suffering severe bodily harm or being killed." He sought an order that he be released from the control cell and "given the privileges of all other inmate [sic] thus the right to attend religious service [sic] without discrimination or criminal negligence of the defendants," or his release from

custody "for such reasons as cruel and inhuman punishments inflicted because of prejudice."

Appellant was granted leave to file his complaint without prepayment of fees and costs, but the District Court, on January 24, 1967, denied his motion for appointment of counsel. On February 1, 1967, appellees filed a "motion to dismiss the complaint or, in the alternative, for summary judgment," asserting 1) that no claim is stated, since the allegations relate to the "internal management of prisons," and 2) that the "affidavit of Charles M. Rodgers attached to the instant motion * * * indicates that the prison authorities had substantial grounds upon which to base their disciplinary action against plaintiff and that they have not abused their discretion in this regard." The affidavit of appellee Rodgers stated:

That on the 14 November, 1966, HUD-SON was cited in two (2) Disciplinary Reports for Violations of Regulations No. 6 & 7, Profanity and Threats of Bodily Harm and Rule #7, Refusing to Cooperate, and that on 14 November, 1966, he was placed in the Control Cell Area to await action of the Disciplinary Board. That on 30 November, 1966, Plaintiff was released from the Control Cell Area and transferred to Cell Block Two, Special Treatment Unit.

On March 1, 1967, the District Court ordered "That the motion of defendants to dismiss or, in the alternative, for summary judgment be, and the same is, hereby granted." [1] Leave to appeal *in forma pauperis* was granted by the District Court on March 15, 1967, and on October 6, in response to an inquiry from the Clerk of this court, appellant moved for appointment of counsel on appeal. Because of errors appearing on the face of the record, we vacate the judgment appealed from and remand for further proceedings, without reaching the question of appointment of counsel in this court.

## I.

It is well settled that a complaint may not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[2] While it is true that jail officials have wide discretion in matters of discipline and security,[3] that discretion is not limitless, and allegations of cruel or unreasonable punishment are clearly matters for judicial inquiry [4]—especially where it is alleged that such punishment reflects discriminatory treatment of a racial or religious minority.[5] Here, appellant alleged that he was threatened and subjected to "torture" and "cruel and inhuman punishments," without "probable cause." In addition, he alleged that he was punished "because of prejudice," and sought the right to attend religious services

---

1. We note at the outset that the District Court's failure to specify which disposition it intended substantially complicates the task of reviewing its ruling.

2. Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); Sass v. District of Columbia, 114 U.S. App.D.C. 365, 367, 316 F.2d 366, 368 (1963); Due v. Tallahassee Theatres, Inc., 333 F.2d 630, 631 (5th Cir. 1964).

3. Cannon v. Willingham, 358 F.2d 719 (10th Cir. 1966); McCloskey v. State of Maryland, 337 F.2d 72 (4th Cir. 1964); Kostal v. Tinsley, 337 F.2d 845 (10th Cir. 1964), cert. denied, 380 U.S. 985, 85 S.Ct. 1354, 14 L.Ed.2d 277 (1965); Roberts v. Pegelow, 313 F.2d 548 (4th Cir. 1963).

4. Talley v. Stephens, 247 F.Supp. 683 (E. D.Ark.1965); Fulwood v. Clemmer, 206 F.Supp. 370, 378–380 (D.D.C.1962); see McCloskey v. State of Maryland, *supra*, 337 F.2d at 74–75; Kostal v. Tinsley, *supra*, 337 F.2d at 846; Roberts v. Pegelow, *supra*, 313 F.2d at 550 ("*So long as the punishment imposed for an infraction of the rules is not so unreasonable as to be characterized as vindictive, cruel or inhuman, there is no right of judicial review of it.*"). [Emphasis added.]

5. Sewell v. Pegelow, 291 F.2d 196 (4th Cir. 1961); Fulwood v. Clemmer, 206 F.Supp. 370 (D.D.C.1962); see Cooper v. Pate, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964); Fulwood v. Clemmer, 111 U.S.App.D.C. 184, 186–189, 295

"without discrimination." Despite their vagueness,[6] these allegations were sufficient to state a claim upon which relief could be granted.[7]

## II.

Summary judgment may be entered if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). In resisting a motion for summary judgment which is supported by affidavits or other documentary evidence, a party "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." FED.R.CIV.P. 56(e). In this case, appellant's general allegations of discrimination and cruel and unreasonable punishment were met by the affidavit of appellee Rodgers that certain punishment had been inflicted for specific infractions of jail rules and regulations. In the ordinary civil case, appellant's failure to respond by affidavit might have warranted the entry of summary judgment against him.[8]

We have recognized, however, that the requirements of the summary judgment rule may not fairly be applied "with strict literalness" to a prisoner unrepresented by counsel and subject to the "handicaps * * * detention necessarily imposes upon a litigant." Phillips v. United States Board of Parole, 122 U.S.App.D.C. 235, 352 F.2d 711 (1965). In *Phillips*, we noted that "appellant has neither the facilities nor has he had the opportunity to provide the documentary evidence that would have been necessary, by ordinary standards, to defeat appellees' motion for summary judgment." 122 U.S.App.D.C. at 238, 352 F.2d at 714. As in *Phillips*, appellant in this case was not represented by counsel; and nothing in the record indicates that he was notified that failure to respond to appellees' motion and affidavit would result in the entry of summary judgment against him. Under these circumstances, appellant was clearly not afforded an "opportunity" to comply with Rule 56(e), whether or not he also lacked the "facilities" to do so. We hold that before entering summary judgment against appellant, the District Court, as a bare minimum, should have provided him with fair notice of the requirements of the summary judgment rule. We stress the need for a form of notice sufficiently understandable to one in appellant's circumstances fairly to apprise him of what is required.

Merely providing notice of the technical requirements of the summary judgment rule, of course, cannot be expected in every case fully to compensate

---

F.2d 171, 173–176 (1961) (Edgerton, J., concurring).

6. Appellees did not move to dismiss the complaint on the ground that the allegations were insufficiently factual. See Conley v. Gibson, *supra*, note 2, 355 U.S. at 47–48, 78 S.Ct. 99; Sass v. District of Columbia, *supra*, 114 U.S.App.D.C. at 366–367, 316 F.2d at 367–368; Dioguardi v. Durning, 139 F.2d 774 (2d Cir. 1944); FED.R.CIV.P. 8(a), 8(f), 12(e).

7. We do not decide whether dismissal pursuant to 28 U.S.C. § 1915(d) would have been proper, since appellees did not assert, and the District Court did not find, that the action was "frivolous or ma-

licious." See Sanders v. Beach, 283 F.2d 946, 947 (10th Cir. 1960).

8. We note, however, that in addition to the claim of discrimination, appellant also alleged, in effect, that the punishment he received was so unreasonable as to constitute cruel and unusual punishment. See note 4, *supra*, and accompanying text. The Rodgers affidavit contained virtually no information on the nature either of the punishment or the conduct for which it was imposed. Appellees, of course, had the burden of demonstrating that no genuine issue of material fact existed. 6 MOORE, FEDERAL PRACTICE § 56.15 [3] (2d ed. 1966).

for the handicaps resulting from detention and indigency. It may be that, even if apprised of the need for a factual response to appellees' summary judgment motion, appellant would have lacked sufficient access to sources of proof, understanding of the legal issues involved, or ability to express himself, to demonstrate the existence of a question of material fact. In a proceeding of this kind, the District Court has discretion with respect to appointment of counsel,[9] and we do not suggest that the initial denial of appellant's motion for counsel constituted an abuse of that discretion.[10] An indigent prisoner, however, may be more greatly disadvantaged by the absence of legal assistance when he is called upon to resist a motion for summary judgment than might otherwise have been the case. When necessary to insure that an indigent prisoner's allegations receive fair consideration, the court's plain duty is to appoint counsel to assist him in defending the motion for summary judgment.[11]

We conclude by noting that considerable flexibility and a wide range of alternatives are available to the District Court in dealing with the problem presented by this case. One possibility, of course, would be simply to deny summary judgment and hold an evidentiary hearing.[12] Permitting the prisoner to appear in person and testify in his own behalf may, at least in some cases, be both a fairer and a more economical "means of discovering the bases of his complaints and assaying the credibility of his representations." Phillips v. United States Board of Parole, *supra*, 122 U.S.App.D.C. at 238, 352 F.2d at 714; see United States ex rel. Wissenfeld v. Wilkins, 281 F.2d 707, 715–716 (2d

Cir. 1960). Other means of dealing with prisoner complaints may occur to the District Court which afford substantial justice without imposing undue burdens on the court, the bar, or those who are called upon to defend such suits. We repeat, however, that any procedure chosen must be such as to "assure that the prisoner's claims receive fair, adequate, and meaningful consideration." United States ex rel. Wissenfeld v. Wilkins, *supra*, at 716. Since the procedure followed in this case was deficient measured by these standards, we vacate the judgment appealed from and remand for further proceedings consistent with this opinion.

So ordered.

---

9. *Cf.* Dirring v. United States, 353 F.2d 519 (1st Cir. 1965); Baker v. United States, 334 F.2d 444 (8th Cir. 1964).

10. See Fleming v. United States, 367 F.2d 555, 557 (5th Cir. 1966); United States ex rel. Wissenfeld v. Wilkins, 281 F.2d 707, 715–716 (2d Cir. 1960).

11. *Cf.* Hampton v. State of Oklahoma, 368 F.2d 9, 12 (10th Cir. 1966); United States ex rel. Marshall v. Wilkins, 338

F.2d 404, 406 (2d Cir. 1964); Dillon v. United States, 307 F.2d 445, 446–448, 450–451 (9th Cir. 1962); United States ex rel. Wissenfeld v. Wilkins, *supra*, note 10.

12. The District Court, of course, has discretion to deny summary judgment where the interests of justice so dictate. 6 MOORE, FEDERAL PRACTICE, § 56.15 [6] (2d ed. 1966).