813 F.2d 1227
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
CHRISTIAN KNIGHTS OF THE KU KLUX KLAN INVISIBLE EMPIRE,
INC.; George Thompson, Plaintiffs-Appellant,
v.
The TOWN OF POCOHONTAS, VIRGINIA, its Governing Council, and
its Chief of Police, Defendants-Appellees.
 No. 86-2582.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 6, 1987.
Decided March 10, 1987.
 
 Before RUSSELL, Circuit Judge, BUTZNER, Senior Circuit Judge, and SENTELLE, United States District Judge for the Western District of North Carolina, sitting by designation.
 Louis L. Lesesne, Jr. (George Daly, on brief), for appellants.
 Frederick W. Harman (Arey and Harman, P.C., on brief), for appellees.
 SENTELLE, District Judge:
 The Christian Knights of the Ku Klux Klan Invisible Empire and George Thompson (Klan) appeal from an order dismissing their action as moot. We vacate and remand.
 The Klan filed this action pursuant to 28 U.S.C. 1983 in the United States District Court for the Western District of virginia at Abingdon alleging that the defendants had infringed their First Amendment rights by refusing them the right to conduct a "street walk" in Pocahontas, Virginia. The complaint sought a declaratory judgment, and preliminary and permanent injunctive relief. In due course, the defendants moved to dismiss and in support of the motion filed the minutes of an April 14, 1986, meeting of the Defendant Governing Council (Town Council).
 On May 28, 1986, the District Court entered an order directing the Klan to respond to the motion to dismiss within fifteen (15) days. Nowhere in the order did the District Court indicate that the motion to dismiss would be treated as a motion for summary judgment.
 Pursuant to the District Court's order, the Klan filed a response to the motion on June 11, 1986, addressing only questions of law. On June 16, 1986, the District Court entered an opinion and order dismissing the action. The Court based its opinion and order on the minutes of the April 16 Town Council meeting, finding that at that meeting a representative of the Klan agreed to give three weeks notice before any street walk, in compliance with the City's requirements and in settlement of the controversy.
 A review of the proceedings in this matter convinces us that the motion to dismiss was improperly treated as a motion for summary judgment. The District Court clearly relied on matters outside the pleadings as demonstrated by the Memorandum Opinion. while this is permissible under F.R.C.P. 12(c), that rule also requires that the motion then be treated as one for summary judgment and that "all parties be given a reasonable opportunity to present all material... pertinent to such a motion..."
 The District Court did notify the Klan of the necessity of filing a response to the motion to dismiss. However, the Court did not instruct the Klan that the motion was being treated as one for summary judgment. The Klan responded to the motion as instructed, but addressed only legal issues. It did not attempt to present Additional material not contained in the pleadings.
 In addition, the Klan was, at least for record purposes, proceeding pro se.[1] As this Court has previously held, a district court must advise pro se litigant "as a bare minimum. . . of the requirements of the summary judgment rule," before entering a summary judgment against him. Roseboro v. Garrison, 528 F.2d 309, 310 (4th cir. 1975). Quoting Hudson v. Hardy, 412 F.2d 1091, 1094 (D.C. Cir. 1968). in this case, as in Roseboro, supra, this holding "requires that the plaintiff be advised of his right to file counter-affidavits or other responsive material and alerted to the fact that his failure to so respond might result in the entry of summary judgment against him." Roseboro at 310.
 Additionally, even had the notice been sufficient under Roseboro, the minutes of the Town Council meeting were not sufficient to establish that there was no genuine issue of material fact. Only the portion of the minutes relied on by the defendant in seeking their summary judgment was reported verbatim. That portion does support an argument that the Klan had entered an agreement with the City to abide by the three-week notice requirement. However, a later portion of the minutes (most of which is a synopsis not even purporting to be verbatim) reads as follows:
 "Mr. Griffin questioned council as to payment of cost, and Mayor Reynolds again stated councils (sic) position that no further action be taken on costs at this time. Mr. Griffin stated that he would: 'See you in court'." (Griffin was tbe spokesman for the Klan.)
 While this exchange also is subject to varying interpretations including one offered by appellee that only the question of cost remained open, it at least supports the possible proposition that the agreement apparently reached in the earlier portion of the Town Council minutes was not a final one but simply a stage of negotiations which came apart when the question of costs was reached.
 The other questions raised by appellant including the recoverability of Mr. Daly's fee under 42 U.S.C. Sec. 1988 and the underlying question of the constitutionality of the three-week notice are not properly before us and we express no opinion on those questions. This case is remanded for further proceedings consistent with our opinion.
 VACATED AND REMANDED
 
 
 
 [1]
 An attorney from North Carolina, George Daly, made a motion for leave to appear as counsel for the Klan, but that motion was denied by the District Court