946 F.2d 127
 292 U.S.App.D.C. 37
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Dan T. SLAUGHTER, Appellant,
v.
U.S. DEPARTMENT OF JUSTICE.
 No. 90-5138.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 25, 1991.
 
 Before RUTH BADER GINSBURG and SILBERMAN, Circuit Judges, and VAN GRAAFEILAND,* Senior Circuit Judge, United States Court of Appeals for the Second Circuit.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal from the entry of summary judgment for the United States Marshals Service was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of counsel. Upon full review of the issues presented, the court is satisfied that appropriate disposition of the case does not warrant a published opinion. See D.C.Cir.Rule 14(c). It is accordingly
 
 
 2
 ORDERED and ADJUDGED, for the reasons stated in the accompanying memorandum, that the judgment from which this appeal has been taken be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b)(2).
 
 MEMORANDUM
 
 4
 Dan T. Slaughter, a federal prisoner, appeals from the district court's entry of summary judgment for the United States Marshals Service dismissing his claim that the Marshals Service unsafely transports prisoners by air in violation of the Eighth Amendment.+ Slaughter argues first that remand is necessary because the district court did not inform him of the requirements and consequences of the summary judgment rule. Brief of Plaintiff-Appellant at 5. In support, Slaughter cites this circuit's precedent, established in Hudson v. Hardy, 412 F.2d 1091 (D.C.Cir.1968) (per curiam). That decision disallowed summary judgment against a pro se litigant who had not been informed that "failure to respond [to the dispositive motion] would result in the entry of summary judgment against him." Id. at 1094; see Fed.R.Civ.P. 56(e).
 
 
 5
 While Hudson remains firm law of the circuit as our continuing instruction to the district court, we have remanded for provision of notice only in cases where the pro se litigant did not respond to the motion for summary judgment. See Fox v. Strickland, 837 F.2d 507, 509 (D.C.Cir.1988) (per curiam); Ham v. Smith, 653 F.2d 628, 630-31 (D.C.Cir.1981) (per curiam). Slaughter, however, filed both a response and a rebuttal, and referred in his response to an affidavit filed with his earlier request for temporary injunctive relief. His submissions, we note, are remarkable for their cogency. It would be senselessly rigid to remand the case for improved notice in these circumstances, particularly when controlling case law affords Slaughter no viable Eighth Amendment claim. Cf. Kaestel v. Lockhart, 746 F.2d 1323, 1324 (8th Cir.1984) (failure to inform pro se prisoner of summary judgment requirements was harmless error where the litigant "filed a meaningful response to the motion" and there was no genuine dispute as to any issue of material fact); see also Little v. Norris, 787 F.2d 1241, 1243 & n. 3 (8th Cir.1986) (no error to grant summary judgment against pro se prisoner who had responded to motion, where officials admitted existence of allegedly unconstitutional policies and sole issue was whether policies violated Constitution).*
 
 
 6
 The Supreme Court in Wilson v. Seiter, 111 S.Ct. 2321 (1991), clarified that "an Eighth Amendment prison claim" requires a showing of "deliberate indifference" on the part of prison officials. Id. at 2324, 2326-27. This court has defined "deliberate indifference" as "outrageous[ ] insensitiv[ity] or flagrant[ ] indifferen[ce]" to "an obvious unreasonable risk." Morgan v. District of Columbia, 824 F.2d 1049, 1058 (D.C.Cir.1987); see also Duckworth v. Franzen, 780 F.2d 645, 652-53 (7th Cir.1985) ("deliberate indifference" is not shown by establishing gross negligence in the tort law sense; instead, the term means "reckless in the criminal law sense," e.g., deliberately committing a highly dangerous act that is "socially costless to avoid"), cert. denied, 479 U.S. 816 (1986).
 
 
 7
 The Marshals Service hardly exhibited "deliberate indifference" of the requisite kind. The marshals attending the prisoners, we note, were themselves exposed to the allegedly unsafe flight conditions Slaughter attributes to deficiencies in aircraft maintenance and in flight crew training. Slaughter emphasizes that the restraints on prisoners during transport, and the decision not to inform them routinely of the location of aircraft exits, increased the risk of injury in the event of an emergency. This increased risk, however, is not indicative of criminal recklessness. As the district court observed, "restraining devices must be used to prevent escape attempts, hijacking, and injury to deputy marshals and other prisoners, all of which are legitimate penological objectives." Slaughter v. U.S. Department of Justice, No. 89-00002, Memorandum Order at 5 (D.D.C. Apr. 12, 1990).
 
 
 8
 It is not the court's business to say precisely how much restraint is in order, see Bell v. Wolfish, 441 U.S. 520, 548 (1979) ("the operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial"), particularly when the restraints employed are comparable to those regularly used, and found lawful, in other prisoner transportation situations. See Duckworth v. Franzen, 780 F.2d at 654 (prisoners "cannot be transported with safety to themselves, the community, the driver, or the guards unless they are manacled and the [bus] exits sealed"). Far from demonstrating deliberate indifference to the prisoners' situation, moreover, the Marshals Service installed safety devices that had been adjusted to permit use by passengers wearing restraints. See Declaration of Myron C. Brasel at 2, attached to Motion for Summary Judgment (emergency equipment on aircraft included oxygen masks with "elongated cords" that enabled prisoners to place their faces into the masks, and slides "tested to ensure safe exit ... while wearing restraints"). The district court thus properly entered summary judgment for the Marshals Service, and we affirm.
 
 
 
 *
 Sitting by designation pursuant to 28 U.S.C. § 294(d)
 + A special panel of this court, on March 18, 1991, appointed John Y. Gotanda as counsel for appellant to assure the adequate presentation of this appeal. The court acknowledges with appreciation the thorough research and thoughtful arguments developed for appellant by appointed counsel.
 
 
 *
 To ensure that proper notice is provided on the requirements of the summary judgment rule, we call to the attention of the U.S. Attorney's office the suggestion of the Seventh Circuit: "[C]ounsel for the defendants in prisoner civil rights cases [should] lift [the] burden [of summary judgment notice] from the [district court] judges' shoulders, by henceforth including in any motion for summary judgment in a case where the plaintiff is not assisted by counsel a short and plain statement that any factual assertion in the movant's affidavits will be accepted by the district judge as being true unless the plaintiff submits his own affidavits or other documentary evidence contradicting the assertion. The text of Rule 56(e) should be part of the notice, but in addition to rather than instead of the statement in ordinary English that we are requiring." Lewis v. Faulkner, 689 F.2d 100, 102 (7th Cir.1982)