988 F.2d 124
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
$119,933.12 UNITED STATES CURRENCY, Defendant,
and
Peter Gordon Howe, Claimant-Appellant.
 No. 91-36326.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 1, 1993.*
Decided Feb. 17, 1993.
 
 Appeal from the United States District Court for the Western District of Washington; No. CV-89-1468-WLD, William L. Dwyer, District Judge, Presiding.
 W.D.Wash.
 REVERSED AND REMANDED.
 Before TANG, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Peter Gordon Howe, a federal prisoner and the sole claimant to $119,933.12, appeals the district court's summary judgment in favor of the United States. Howe contends that because the district court failed to advise him of the measures to take to oppose summary judgment, the district court should not have proceeded with summary judgment. We reverse and remand.
 
 
 3
 We have made it clear that the district court must provide pro se prisoners with fair notice of the requirements of Fed.R.Civ.P. 56 before entering summary judgment against them. Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir.1988). The relative intelligence and legal sophistication of a particular pro se prisoner is irrelevant to the district court's duty. Id.
 
 
 4
 Here, the district court granted Howe's motion to represent himself and, thus, knew Howe was pro se. The district court received and considered Howe's motion to extend the time to respond to the government's summary judgment motion and in granting Howe's motion stated, "[Howe's] opposition papers will be served and filed (not mailed) by October 28, and any reply due by October 31, 1991. No further extensions will be allowed." The district court made no mention of what "opposition papers" consisted, and it did not warn Howe that a failure to file opposing documents would result in entry of summary judgment against him. See Hudson v. Hardy, 412 F.2d 1091, 1094 (D.C.Cir.1968). Nothing in the record indicates that the district court made an effort to advise Howe of the Rule 56 requirements.
 
 
 5
 The government insists that Howe was in fact notified of the Rule 56 requirements when he presumably read the government's memorandum in support of its summary judgment motion and the government's motion for continuance of trial. The government also asserts that Howe's request for additional time to respond indicates his knowledge and understanding of Rule 56 requirements. Finally, the government argues that Howe was not prejudiced because the district court gave him 60 days to prepare a response and the government told him "exactly what he needed to do in order to respond."
 
 
 6
 The government's argument makes sense but misreads our "bright-line" holding in Klingele. 849 F.2d at 411. In Klingele, the government made similar arguments relating to the prisoner's relatively high degree of intelligence and legal sophistication which indicated there was no need to give advice. Id. Furthermore, Klingele actually filed a motion for summary judgment. Id. We declined the government's "invitation to erode the Hudson rule by allowing district courts to avoid giving the required advice based on a determination that a prisoner [had] the requisite sophistication in legal matters." Id. Moreover, the district court, not the government, is obligated to provide the requisite advice. Id. at 411-12. Contrary to the government's arguments, the Klingele bright-line rule applies to all pro se prisoners. Id. Thus, the summary judgment cannot stand.
 
 
 7
 REVERSED and REMANDED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3