David KISSI, Appellant,

v.

Hugh G. HARDESTY, Appellee.

No. 09–CV–648.

District of Columbia Court of Appeals.

Submitted June 9, 2010.

Decided Aug. 13, 2010.*

---

* The decision in this case was originally issued August 13, 2010, as an unpublished Memorandum Opinion and Judgment. It is now being published at the request of the Superior Court.

David Kissi, pro se.

Greg Howard, for appellee.

Before RUIZ, FISHER, and THOMPSON, Associate Judges.

RUIZ, Associate Judge:

Appellant, David Kissi, challenges the Superior Court's grant of summary judgment dismissing his complaint for lack of personal jurisdiction over appellee. For the reasons that follow, we affirm.

## I. Facts

Appellant, a District of Columbia resident, is proceeding *pro se* and was incarcerated in Lisbon, Ohio, during part of these proceedings. It is undisputed that on September 7, 2000, appellant's company, DK & R Company ("DK & R"), which is incorporated in Delaware, filed for bankruptcy in the United States Bankruptcy Court for the District of Maryland and that on September 23, 2003, two Maryland condominium units owned by DK & R were sold to Morgan Investments, L.L.C. ("Morgan Investments") as part of the bankruptcy proceedings. The condominium units are located in the Riggs Hill Condominium in Jessup, Maryland.

On September 27, 2008, appellant filed a complaint alleging that appellee, Hugh Hardesty, and the Riggs Hill Condominium Association converted his personal property at the Riggs Hill Condominium [1] in Maryland and filed a "false condo fee claim" against appellant. Appellant's complaint refers to appellee and Riggs Hill as a single "defendant" and states that they share the same address: "10630 Riggs Hill Rd., V & W, Jessup, MD 20794." The complaint asserts that the Superior Court "has jurisdiction because Plaintiff is a D.C.

---

1. Specifically, the complaint alleges that Hardesty and Riggs Hill converted his "furniture, PCs, work tools and inventory of computer supplies after Plaintiff had notified the Defendant that he would remove his items in front of his property."

resident and also worked in D.C. prior to his incarceration. And members of the Riggs Hill Condo Association have D.C. ties. At least some do business in D.C. and have D.C. bank accounts."

Appellee filed a motion to dismiss asserting lack of subject matter and personal jurisdiction, statute of limitations bar, failure to state a claim, and failure to join necessary parties. In the motion, appellee states that he is "part-owner" of Morgan Investments, L.L.C., the entity that purchased appellant's Riggs Hill Condominium units from the bankruptcy trustee for DK & R.[2] Appellee also submitted an affidavit in which he asserts that he is a resident of Maryland, does not own property in the District, and that:

[He] work[s] for a corporation (which [he] own[s]) which is located in Maryland (not Washington, D.C.) and does business only infrequently in D.C. The contracting projects (for [his] business) which do occur from time to time in Washington, D.C. have absolutely nothing whatsoever to do with the Plaintiff in the above-captioned action, or his alleged personal property, or any alleged taking.

The affidavit also states that appellee is not an officer of the Riggs Hill Condominium Association.

Appellant filed an opposition to the motion to dismiss, requesting that the court "help [appellant] enforce Discovery and compel all the Defendants to respond to [appellant's] request for interrogatories so that [appellant] can demonstrate jurisdictional facts to prove this court is the proper forum." Appellant, however, did not file any interrogatories.

The trial judge (Judge Beck) denied appellee's motion without prejudice and gave appellant leave to reformulate and clarify his claims in an amended complaint. The Superior Court's order states, in relevant part:

The amended complaint shall set forth in greater detail the basis for Plaintiff's complaint and for this court's jurisdiction. For example, because there are multiple defendants, Plaintiff should not simply refer to actions by "Defendant" but instead should be clear about which Defendant did the specific actions set forth in his complaint. He also should describe *where and when the activities about which he complains occurred.* And *he should describe with specificity why this court has personal jurisdiction over each of the Defendants, especially if the conduct about which Plaintiff complains occurred in Maryland.* In addition Plaintiff shall set forth in the Complaint detailed information that will enable the court to assist with service of process on the Riggs Hill Condo Association.

(Emphasis added.)

Appellant subsequently filed an amended complaint claiming that, in addition to taking his personal property, the defendants "conspired to take" appellant's real property "without compensation." The amended complaint names nine additional defendants,[3] but does not clarify which defendant did the fraudulent actions alleged in the complaint or describe where and when the actions occurred. With regard to personal jurisdiction, the amended complaint states:

---

**2.** The motion was supported by several documents, including a deed that shows that legal title to appellant's condominium units was conveyed to Morgan Investments, L.L.C. on September 23, 2003, by DK & R's bankruptcy trustee.

**3.** With respect to the additional defendants named in appellant's amended complaint, the trial judge later found that appellant provided only the information to properly serve and summon Hardesty. Therefore, this appeal addresses only the claim against Hardesty.

And if Hugh Hardesty, a Defendant, were to raise a Federal Rules of Civil Procedure (FRCVP) Rule 12(b)(1–7) jurisdictional issue that this claim doesn't belong in this courtroom, then this court should hold a FRCVP Rule 12(I) hearing to afford all the Defendants a chance to come to the court to contest whether this is the proper forum or not.

Thereafter, appellee filed a motion for summary judgment, with a supporting affidavit and other documentation, in which he renewed his challenge to the complaint based on lack of personal jurisdiction.[4] Appellant opposed the motion for summary judgment by filing an affidavit in which he asserted that members of Riggs Hill Condominium Association "do business in D.C., attend church, and have D.C. bank accounts and are also members of unions and trade organizations headquartered in D.C." There is no allegation in the affidavit that appellee, in his capacity as part owner of the entity that acquired the condominium units, is a member of the condominium association.

The trial judge (Judge Long) granted appellee's motion for summary judgment,[5] finding that appellant had failed to (1) clarify which defendants allegedly committed which actions, (2) present evidence to establish personal jurisdiction over the defendants, and (3) dispute that his claim was time-barred. Appellant's timely appeal followed.

## II. Standard of Review for Summary Judgment

"Summary judgment is appropriate only when there are no material facts in issue and it is clear that the movant is entitled to judgment as a matter of law." *Carter v. District of Columbia*, 980 A.2d 1217, 1222 (D.C.2009); *see also* Super. Ct. Civ. R. 56(c). Courts "look to see if the moving party has met its burden of proving that no material fact remains in dispute, and . . . whether the party opposing the motion has offered 'competent evidence admissible at trial showing that there is a genuine issue as to a material fact.'" *Hill v. White*, 589 A.2d 918, 921 (D.C.1991) (quoting *Nader v. de Toledano*, 408 A.2d 31, 48 (D.C.1979)).

"This court must conduct an independent review of the record when reviewing a trial court's order granting summary judgment." *Graff v. Malawer*, 592 A.2d 1038, 1040 (D.C.1991). "In so doing, we determine whether any relevant factual issues exist by examining and taking into account the pleadings, depositions, and admissions along with any affidavits on file, construing such material in the light most favorable to the party opposing the motion." *Id.* (internal citation omitted); *see also* Super. Ct. Civ. R. 56(c).

---

4. Appellee also argued that because the alleged conversion would have occurred on or about the time when DK & R's property was sold, in September 2003, see *supra* note 2, the complaint, filed in 2008, would have been filed outside the applicable three year statute of limitations. *See* D.C.Code § 12–301(2) (2001). Appellant did not dispute either that the alleged conversion would have occurred at the time the real property was transferred or that the transfer took place in 2003.

5. Appellee had also filed a motion to dismiss, which appellant opposed in a filing, captioned "Opposition to Dismiss," that focused exclusively on describing Rule "60 (b) findings no court ha[s] ever reviewed" and did not include any facts relevant to personal jurisdiction. The trial court properly construed both of appellee's motions as a motion for summary judgment because the parties submitted affidavits and other documents in support of their motions. *See* Super. Ct. Civ. R. 12(c); *Gross v. District of Columbia*, 734 A.2d 1077, 1081 (D.C.1999).

## III. Whether the Superior Court Has Personal Jurisdiction Over Appellee

 A District of Columbia court may assert personal jurisdiction over a foreign defendant if jurisdiction is authorized by statute and the exercise of jurisdiction is consistent with the due process clause. *See, e.g., Holder v. Haarmann & Reimer Corp.,* 779 A.2d 264, 269–71 (D.C.2001). "The plaintiff bears the burden of proving that the court may establish personal jurisdiction over the defendant." *Harris v. Omelon,* 985 A.2d 1103, 1105 (D.C.2009).

 The District of Columbia's long-arm statute sets forth two requirements for personal jurisdiction over a foreign defendant: (1) the "defendant must have engaged" in one of the acts listed in section 13–423(a); and (2) the "claim for relief [must] aris[e] from acts enumerated in the statute," per section 13–423(b). *Etche-barne-Bourdin v. Radice,* 982 A.2d 752, 757 (D.C.2009) (quotations omitted).[6]

 Here, appellant, a District of Columbia resident, claims injury resulting from appellee's alleged fraud and his conversion of appellant's real and personal property located in Maryland. The evidence of record is that appellee is a Maryland resident, does not own any D.C. property, and works for a Maryland corporation that he owns. While appellee admits in his affidavit that his Maryland company does projects "from time to time in Washington, D.C.," he asserts that his business activities in the District have "absolutely nothing whatsoever to do with the plaintiff in [this] action, or his alleged personal property, or any alleged taking." Appellant has not disputed appellee's factual assertions.

### A. Subsections (a)(1) and (a)(2)

Appellee's admission that he does occasional business "projects" in the District does not justify the exercise of personal jurisdiction under subsections (a)(1) or (a)(2) of the District's long-arm statute because subsection (b) of the statute requires that appellant's claim for relief "aris[e] from" these jurisdictional activities. *See Shoppers Food Warehouse v. Moreno,* 746 A.2d 320, 335 (D.C.2000) ("[F]or the Superior Court to have jurisdiction over [a plaintiff's] claim, the claim ha[s] to be related to or substantially connected with [the defendant's] activity in the District."). Appellant does not allege that his claims arise from or are related to appellee's business activities in the District. Nor has appellant contested appellee's assertion that his business activities in the District have "absolutely nothing whatsoever to do with [appellant]." Therefore, the facts of record do not justify the exercise of personal jurisdiction over appellee under either subsection (a)(1) or (a)(2) of the District's long-arm statute.

---

**6.** D.C.Code § 13–423 (2001) provides:

(a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's—

(1) transacting any business in the District of Columbia;

(2) contracting to supply services in the District of Columbia;

(3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

(4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;

. . .

(b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

## B. Subsection (a)(3)

Similarly, appellant's allegation that appellee fraudulently acquired his real property and converted his personal property—all located in Maryland—does not meet the requirements of subsection (a)(3), which allows the court to exercise personal jurisdiction over a foreign defendant who causes injury to a plaintiff in the District "by an act or omission in the District." *See* D.C.Code § 13–423(a)(3) (2001).

## C. Subsection (a)(4)

Subsection (a)(4) of the District's long-arm statute allows a court to exercise personal jurisdiction over a defendant who committed an act outside the District of Columbia that caused a "tortious injury in the District" if the defendant "regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered" in the District. D.C.Code § 13–423(a)(4) (2001); *see Etchebarne–Bourdin,* 982 A.2d at 762–63 (holding that where plaintiff suffers injury in the District as a result of tortious conduct outside the forum, the required nexus is met and the in-forum conduct in the District required by statute is considered a "plus factor" and need not be related to the claim). Appellant's complaint alleges that appellee committed a tortious act outside of the District and the asser-

tion in appellee's affidavit that his Maryland company undertakes projects in the District "from time to time" could be understood as "do[ing] business" in the District; we will assume so for present purposes. However, appellant's submissions do not contend that (much less explain how) the alleged conversion of his personal property and fraudulent taking of his real property in Maryland caused an injury in the District of Columbia. Appellant's bare assertion that he is a D.C. resident is not sufficient to establish that he suffered "tortious injury" in the District as a result of an alleged fraud or conversion that took place in Maryland. Without injury in the District, the Superior Court of the District of Columbia cannot exercise personal jurisdiction over appellee under subsection (a)(4). *See Helmer v. Doletskaya,* 364 U.S.App.D.C. 178, 186, 393 F.3d 201, 209 (2004) (finding no personal jurisdiction where the "original events that caused the alleged injury to [the plaintiff] . . . occurr[ed] outside the District of Columbia," but the plaintiff, a D.C. resident, failed to show that the resulting fraud also caused injury to him "in the District of Columbia").[7]

Because appellant has failed either to assert necessary facts or to show that there is a disputed material fact relevant to personal jurisdiction under the District's long-arm statute, we conclude that summary judgment was properly granted.[8]

---

7. *Helmer* examines the exercise of personal jurisdiction under subsection (a)(3), rather than subsection (a)(4). But because both subsections refer to "tortious injury in the District of Columbia," *Helmer's* analysis of the location of the plaintiff's injury is persuasive authority.

8. We therefore do not consider the Superior Court's alternate grounds for dismissal. As noted, the trial court also found that appellant's complaint was time-barred. Appellant did not allege facts that would bring his complaint within the statute of limitations or dispute appellee's factual assertions supporting

the trial court's determination that the complaint was filed outside the statute of limitations. See *supra* note 4. From our review of the record, there is no indication that the statute of limitations was tolled by appellant's incarceration. See D.C.Code § 12–302 (2001) (providing that statute is tolled if a person is imprisoned "at the time the right of action occurs"). A press release from the U.S. Department of Justice attached to appellant's amended complaint states that appellant was convicted and sentenced in 2006, approximately three years after the tortious taking and conversion are alleged to have occurred.

## D. Appellant's Discovery Requests

■ Appellant repeatedly requested discovery that might allow him to demonstrate that District of Columbia courts can exercise personal jurisdiction over appellee, and he appears to allege on appeal that the trial judge erred by not ordering such discovery. While this court has permitted reasonable discovery at the request of *pro se* plaintiffs whose claims face dismissal for lack of personal jurisdiction, at a minimum the plaintiff must allege some facts that would justify the exercise of jurisdiction. *See Wilson v. Wilson*, 785 A.2d 647, 650 (D.C.2001) (granting relief where plaintiff's allegations "demonstrate[d] a sufficient nexus between [the defendant] and the District of Columbia to justify discovery on whether personal jurisdiction over [the defendant] would comport with basic fairness"). Here, other than saying he is a D.C. resident, appellant has not alleged a necessary fact—injury suffered in the District of Columbia—that is a prerequisite for the exercise of personal jurisdiction over appellee. Even though he asked for discovery, he did not in fact file interrogatories or request documents. Moreover, it is difficult to conceive why appellant would need discovery from appellee in order to put forth a *prima facie* case that appellant suffered injury in the District. We therefore find that the trial judge's failure to order discovery was not an abuse of discretion. *See, e.g., Clampitt v. Am. Univ.*, 957 A.2d 23, 28 (D.C.2008).

## IV. Appellant's Status as a *Pro Se* Plaintiff

■ Finally, we note that appellant has repeatedly asserted, before this court and the Superior Court, that his claims should be "treat[ed] favorably" because he is a *pro se* litigant. It has long been recognized that *pro se* litigants can face considerable challenges in prosecuting their claims without legal assistance, *see, e.g., Hudson v. Hardy*, 134 U.S.App.D.C. 44, 47, 412 F.2d 1091, 1094 (1968),[9] and we are aware that appellant, in addition to representing himself, was incarcerated during some portion of these proceedings. In *Hudson*, the D.C. Circuit acknowledged that "the requirements of the summary judgment rule may not fairly be applied 'with strict literalness' to a prisoner unrepresented by counsel and subject to the 'handicaps ... detention necessarily imposes upon a litigant.'" 134 U.S.App.D.C. at 47, 412 F.2d at 1094 (*quoted in MacLeod v. Georgetown Univ. Med. Ctr.*, 736 A.2d 977, 981 (D.C.1999)); *see also Padou v. District of Columbia*, 998 A.2d 286, 292 (D.C.2010) (noting that "we have followed the District of Columbia Circuit in requiring trial judges to exercise special care with a *pro se* litigant in special circumstances"). An incarcerated appellant "has neither the facilities nor has he had the opportunity to provide the documentary evidence that would have been necessary, by ordinary standards, to defeat appellees' motion for summary judgment." *Hudson*, 134 U.S.App.D.C. at 47, 412 F.2d at 1094. Therefore, before dismissing an appellant's claim under Rule 56(b), "as a bare minimum" the trial court should provide the appellant "with fair notice of the requirements of the summary judgment rule." *Id.*

■ The record before us shows that appellant had a fair opportunity to present his claims to the court. *Cf. Hudson*, 134 U.S.App.D.C. at 47, 412 F.2d at 1094 (quoting *Phillips v. United States Bd. of Parole*, 122 U.S.App.D.C. 235, 238, 352 F.2d 711, 714 (1965)). The trial court gave appellant leave to plead a viable claim in an amended complaint and informed appel-

---

9. *Hudson* is binding on our court pursuant to *M.A.P. v. Ryan*, 285 A.2d 310, 312 (D.C.1971).

lant that "he should describe with specificity why th[e] court has personal jurisdiction over each of the Defendants, especially if the conduct about which Plaintiff complains occurred in Maryland." Appellant did not include any further relevant information that established personal jurisdiction when he re-plead his claims. Moreover, when appellee opposed the amended complaint by filing a motion for summary judgment, appellant filed an opposition labeled, "A 28 U.S.C. § 1746 Affidavit in Contesting Hardesty's Affidavit Combined with Opposition to Defendant's 56(a) Motion (Summary Judgment)." Appellant's opposition contains numerous attachments which, although irrelevant to the issue of the court's personal jurisdiction over appellee, do establish that he was apprised of the requirements of the summary judgment rule. Thus, this is not a case where a Rule 12(b)(6) motion to dismiss was treated as a Rule 56 motion for summary judgment without notice to appellant, *cf. Hudson*, 134 U.S.App.D.C. at 46, 412 F.2d at 1093; *Neal v. Kelly*, 295 U.S.App.D.C. 350, 352, 963 F.2d 453, 455 (1992), or where summary judgment was granted after the plaintiff failed to respond to the opposing party's motion for summary judgment. *Cf. Malik v. District of Columbia*, 387 U.S.App.D.C. 420, 425, 574 F.3d 781, 786 (2009).

We think that the trial court showed proper consideration for appellant's lack of formal legal training and circumstances, and we reiterate that, "where a litigant is seeking a monetary award, we do not believe *pro se* status necessarily justifies special consideration ... [and] he cannot generally be permitted to shift the burden of litigating his case to the courts...." *MacLeod*, 736 A.2d at 979 (quoting *Dozier v. Ford Motor Co.*, 227 U.S.App.D.C. 1, 6, 702 F.2d 1189, 1194 (1983)).

The judgment of the Superior Court of the District of Columbia is hereby

*Affirmed.*