Filed 9/27/13  Arista v. Mule Creek State Prison CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

| | |
|---|---|
| ALFRED ARISTA, | C068541 |
| Plaintiff and Appellant, | (Super. Ct. No. 09CV6221) |
| v. | |
| MULE CREEK STATE PRISON et al., | |
| Defendants and Respondents. | |

Plaintiff and appellant Alfred Arista brings this pro se appeal from the judgment following a grant of summary judgment in favor of defendants Michael Martel, warden, Mule Creek State Prison, and California's Department of Corrections and Rehabilitation (CDCR).

Because Arista has failed to provide an adequate record on appeal, we cannot conclude the trial court erred in granting summary judgment.  Moreover, Arista does not dispute he failed to comply with the claims presentation requirements of the Government Claims Act (Gov. Code, § 810 et seq.; hereafter Act), a prerequisite to his maintaining this action.  Accordingly, we shall affirm the judgment.

BACKGROUND

In October 2008, Arista, an inmate at Mule Creek State Prison, was a passenger in a van owned and operated by CDCR. The van was struck by another state-owned vehicle. Arista claims to have suffered physical injuries in the collision.

Arista filed the underlying personal injury action in August 2009; the complaint is not in the record on appeal. In his appellate brief, Arista suggests the complaint alleges the state is liable for injuries he suffered as a result of the failure of CDCR personnel to fasten his seatbelt prior to the accident.

In November 2010, defendants Martel, Mule Creek State Prison, and CDCR moved for summary judgment on the ground Arista failed to comply with the Act, in that he failed to file a claim with the Victim Compensation and Government Claims Board (Board) within six months of the accident. Although defendants appear to have filed with their motion a statement of undisputed facts and declarations of counsel, these documents are not in the record on appeal.

Arista filed no opposition to defendants' motion for summary judgment. Instead, he responded by filing a written request for appointment of counsel to represent him in this action.

Arista was also prompted by defendants' motion to submit a claim to the Board in December 2010, for $15 million as compensation for injuries he claims to have sustained in the October 2008 accident, and to request that the Board accept his belated filing.

Following a reported hearing at which Arista appeared by telephone, the trial court denied plaintiff's request for the appointment of counsel. It granted defendants' motion for summary judgment, on the ground defendants demonstrated there are no triable issues of material fact as to whether plaintiff failed to timely file a government claim.

## DISCUSSION

### *I. Arista Has Not Shown Summary Judgment Was Improperly Granted*

"Summary judgment provides a court with a procedure to pierce pleadings in order to determine whether a trial is truly necessary to resolve the dispute between the parties. [Citation.]" (*Jordan v. City of Sacramento* (2007) 148 Cal.App.4th 1487, 1492.) Summary judgment is properly granted where "all the papers submitted" show there are no triable issues of fact and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) We review a trial court's decision granting a summary judgment de novo. In doing so, we liberally construe all conflicting facts in the light most favorable to the party opposing the motion. (*Estate of Molino* (2008) 165 Cal.App.4th 913, 921.)

A defendant moving for summary judgment has the initial burden of showing that a cause of action lacks merit because one or more elements of the cause of action cannot be established or there is a complete defense to that cause of action. (Code Civ. Proc., § 437c, subd. (o); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.) If the moving papers make a prima facie showing that justifies a judgment in the defendant's favor, the burden shifts to the plaintiff to make a prima facie showing of the existence of a triable issue of material fact. (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar v. Atlantic Richfield Co.*, *supra*, 25 Cal.4th at pp. 849, 860.)

On appeal, however, the appellant -- here, Arista -- has the burden of demonstrating by an adequate record that there is prejudicial error in the trial court's ruling. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295; *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574 (lead opn. of Grodin, J.).) We never presume the existence of error: in fact, we are required by the rules of appellate review to presume that the trial court's ruling was correct. (*Denham v. Superior Court of Los Angeles County* (1970) 2 Cal.3d 557, 564; *Gutierrez v. Autowest, Inc.* (2003) 114 Cal.App.4th 77, 88.) Although it is said that our review of a summary judgment is de novo, that does not mean we engage in a

3

"ground-up" analysis of the summary judgment motion independent of the arguments made by the appellant in his opening brief. Even on review of a summary judgment, "[t]he appellant has the burden of showing error occurred." (*Byars v. SCME Mortgage Bankers, Inc*. (2003) 109 Cal.App.4th 1134, 1140.)

Here, we are prevented by the state of the appellate record provided by Arista from assessing whether summary judgment should have been granted because we have not been provided with "all the papers" relevant to the motion. (See Code Civ. Proc., § 437c, subd. (c).) The record on appeal does not contain the separate statement filed by defendants, or any of the supporting evidence filed in support of the motion, including attorney declarations. Nor is there a transcript of the reported oral argument. The absence of a complete record of the summary judgment motion precludes us from determining whether the trial court erred in entering summary judgment in defendants' favor. (See *Maria P. v. Riles, supra*, 43 Cal.3d at pp. 1295-1296.)

In addition to failing to provide an adequate record of the proceedings in the trial court, Arista's appellate brief fails to identify error(s) made by the trial court in granting the motion. The trial court granted summary judgment on the ground Arista's "own deposition testimony [showed] that [Arista] did not file a timely claim with the Victim's Compensation and Government Claims Board." Arista did not oppose the motion for summary judgment, and has not shown on appeal how the trial court erred. The trial court correctly reasoned that persons filing tort claims against a governmental agency must comply with the Act. Under the Act, a person wishing to sue a public entity for damages arising from the actions of its employees must first submit a claim to the entity within six months of the date the cause of action accrued. (Gov. Code, §§ 911.2, 945.4.) "The claim presentation requirement serves several purposes: (1) it gives the public entity prompt notice of a claim so it can investigate the strengths and weaknesses of the claim while the evidence is still fresh and the witnesses are available; (2) it affords opportunity for amicable adjustment, thereby avoiding expenditure of public funds in needless

4

litigation; and (3) it informs the public entity of potential liability so it can better prepare for the upcoming fiscal year." (*Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1776.) The failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a suit against the public entity. (*State of California v. Superior Court* (2004) 32 Cal.4th 1234, 1239.) Arista is mistaken to suggest on appeal that his belated presentation of a claim, more than two years after the accident, satisfies the Act's requirement.

Because nothing in the appellate record indicates Arista ever presented a claim to the Board before he filed the complaint, we cannot conclude the court erred in concluding Arista never complied with the Act's claims presentation requirements, and his failure to do so warranted summary judgment against him.

### II. Other Contentions

Arista appears to suggest in his brief on appeal the court ruled against him because he lacked understanding of the law and thus failed to comply with court rules or proper procedure, a condition that the court could have remedied because it "had discretion . . . to appoint counsel" to represent him in this action. But, while a trial court may appoint counsel for an inmate plaintiff in a civil action as one available method of ensuring "an indigent prisoner's right to . . . prosecute bona fide civil actions," (*Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 792-793; *Payne v. Superior Court of Los Angeles County* (1976) 17 Cal.3d 908, 924), an inmate plaintiff in a civil action may not compel the court to appoint counsel on his or her behalf. (*Wantuch v. Davis, supra*, at p. 793; *Apollo v. Gyaami* (2008) 167 Cal.App.4th 1468, 1484.) Arista does not argue the trial court abused its discretion in denying his motion for appointment of counsel, and we see no basis for concluding it did so.

Arista also asserts he should have been notified of his right to file declarations and evidence in opposition to defendants' motion, or notified that his failure to respond would result in the entry of summary judgment against him. This amounts to an assertion the

5

trial court should have complied with the rule derived from the federal case in *Hudson v. Hardy* (D.C. Cir. 1968) 412 F.2d 1091 (*Hudson*) that, "as a bare minimum," a pro. per. inmate be provided "with fair notice of the requirements of the summary judgment rule." (*Id*. at p. 1094.) The Ninth Circuit has declared its support for the *Hudson* rule, requiring that a prisoner pro se plaintiff receive "fair notice" of the requirements of rule 56 of the Federal Rules of Civil Procedure (28 U.S.C.), and that he be notified of his right to oppose a motion for summary judgment by submitting counter-affidavits or other responsive evidentiary materials, and alerted to the fact that the failure to do so might result in the entry of summary judgment against him. (See *Rand v. Rowland* (9th Cir 1998) 154 F.3d 952, 960-961; *Klingele v. Eikenberry* (9th Cir. 1988) 849 F.2d 409, 411.) But Arista cites no authority, and we have found none, for the proposition that the *Hudson* rule or anything similar has been adopted or is required in California. Nor has he cited any authority, or logical basis, for this court to create an enlarged version of the *Hudson* rule to require that the superior court have provided him "with fair notice of the requirements of filing a Board of Control claim . . . ."

## DISPOSITION

The judgment is affirmed. The parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)


                                   BLEASE                    , Acting P. J.


We concur:


       BUTZ                    , J.


       MAURO                    , J.

6